**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **Patrice Philson a/k/a Justice Allah,**<br><br>**Petitioner,** ***pro se*****,**<br><br>**v.**<br><br>**Michelle Ricci, Administrator**<br>**New Jersey State Prison,**<br><br>**Respondent.** | : | **OPINION**<br>**Civ. Action No. 98-2249 (WHW)** |

Walls, Senior District Judge

Petitioner *pro se* Patrice Philson a/k/a Justice Allah moves pursuant to Fed. R. Civ. P. 60(b) to re-open his earlier 28 U.S.C. § 2254 challenge to his state court conviction, which was denied by this court in October 2000. Construing petitioner's motion as a successive section 2254 habeas petition, the Court dismisses it.

## I. Facts and Procedural Background

### A. Background

In October 1990, a jury found petitioner guilty of first degree murder and weapons charges in New Jersey Superior Court. The factual background of the conviction is detailed in this Court's August 24, 2000 opinion and will not be repeated here. See Philson v. Barbo, No. 98-2249, Slip Op. at 1 (D.N.J. Aug. 24, 2006) (opinion granting evidentiary hearing).

Petitioner's conviction was affirmed on appeal, and his petition for post-conviction relief in state court, asserting ineffective assistance of counsel among other grounds, was denied.

Petitioner filed a habeas petition under 28 U.S.C. § 2254 in the District of New Jersey in May 1998, alleging ineffective assistance of counsel. This Court held an evidentiary hearing on October 5, 2000. After hearing testimony from John Vantuno, petitioner's trial counsel, the Court determined that Vantuno had not rendered ineffective assistance of counsel under the standard set forth in Strickland v. Washington, 466 F.3d 668 (1984). On August 24, 2001, this Court denied petitioner's motion for reconsideration, and the Third Circuit denied his appeal in October 1993.

Petitioner then filed complaints against Vantuno with the New Jersey Supreme Court District Ethics Committee, alleging that he had misled this Court with his testimony at the 2000 evidentiary hearing. In October 2005, the Ethics Committee found that Vantuno had not violated any rules of professional conduct. It stated that Vantuno's testimony had been candid, and that any inconsistencies identified by petitioner in the record were minor at best. In February 2006, the Supreme Court of New Jersey Disciplinary Review Board affirmed the decision of the Ethics Committee.

**B. The Present Motion**

On March 15, 2007, petitioner filed this Rule 60(b) motion before the Court. Petitioner claims that Vantuno misled the Court at the 2000 hearing by stating that (1) he did not have knowledge relating to the existence of a potential witness named Cawana Dawson and (2) he did not have access to an investigator during the period before the trial. According to petitioner,

**NOT FOR PUBLICATION**

evidence uncovered during the Ethics Committee investigation supports his claim that Vantuno misled the Court on these two issues during his 2000 testimony. Petitioner claims that two key pieces of evidence were unearthed during the Committee's investigation which support his contention that Vantuno misled the Court. First, Vantuno's counsel during the investigation wrote the Committee that "the fact that the name 'Cawana' appear in [a witness's pretrial] statement does not prove" that Vantuno testified falsely. Second, an entry in Vantuno's August 1990 time log suggests that Vantuno was in contact with an investigator affiliated with the Public Defender's Office.

Petitioner requests one of three remedies: (1) a new evidentiary hearing, (2) habeas corpus relief, or (3) a new trial.

**II. Discussion**

Petitioner styles his motion as a Rule 60(b) motion for relief from this Court's earlier denial of his section 2254 petition. The Third Circuit has stated that a Fed. R. Civ. P 60(b) motion for relief from the denial of a section 2255 petition is properly construed as a successive habeas petition. See United States v. Edwards, 309 F.3d 110, 113 (3d Cir. 2002). The majority of the circuits have held that such rule 60(b) motions should be construed as successive section 2254 or 2255 petitions. Rodriguez v. Mitchell, 252 F.3d 191, 200 n.2 (2d Cir. 2001) (departing from majority position). Accordingly, the Court construes petitioner's motion as a successive section 2254 petition.

Since petitioner has not obtained certification from the Third Circuit to file a successive habeas petition as required by 28 U.S.C. § 2244, the Court summarily dismisses his petition

**NOT FOR PUBLICATION**

because it plainly appears that he is not entitled to relief in the district court. See Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. § 2254.

Even if the Court were to treat petitioner's motion as a Rule 60(b) motion for relief for judgment, the motion would fail. Having reviewed the evidence, this Court agrees with the Ethics Committee's that Vantuno's testimony at the 2000 hearing was candid. It also finds that the discrepancies between Vantuno's testimony at the hearing and the record are minor and inconsequential. Nothing in petitioner's latest submission suggests that Vantuno misled the Court during the 2000 hearing. Relief is clearly not warranted on any Rule 60(b) ground.

**III. Conclusion**

The Court dismisses petitioner's Fed. R. Civ. P. 60(b) motion for relief from its 2000 order denying his petition for a Writ of Habeas Corpus.

August 13, 2007

s/ William H. Walls
United States Senior District Judge