<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| **Patrice Philson a/k/a Justice Allah,** | : |
| | : |
| **Petitioner,** *pro se,* | : |
| | : |
| **v.** | : |
| | : |
| **Michelle Ricci, Administrator** | : |
| **New Jersey State Prison,** | : |
| | : |
| **Respondent.** | : |
| | : |

**OPINION AND ORDER**
**Civ. Action No. 98-2249 (WHW)**

---

<u>Walls, Senior District Judge</u>

     Petitioner *pro se* Patrice Philson a/k/a Justice Allah moves pursuant to L.C.R. 7.1(g) to

reconsider this Court's August 13, 2007 denial of Petitioner's Fed. R. Civ. P. 60(b) motion to re-open

his earlier 28 U.S.C. § 2254 challenge to his state court conviction, which was also denied by this court

in October 2000.  Petitioner's motion is denied.

### FACTS AND PROCEDURAL BACKGROUND

     In October 1990, a jury found petitioner guilty of first degree murder and weapons charges in

New Jersey Superior Court.  The factual background of the conviction is detailed in this Court's August

24, 2000 opinion and will not be repeated here.  <u>See</u> <u>Philson v. Barbo</u>, No. 98-2249, Slip Op. at 1

(D.N.J. Aug. 24, 2006) (opinion granting evidentiary hearing).  Petitioner's conviction was affirmed on

appeal, and his petition for post-conviction relief in state court, asserting ineffective assistance of

counsel among other grounds, was denied.

     Petitioner filed a habeas petition under 28 U.S.C. § 2254 in the District of New Jersey in May

-1-

**NOT FOR PUBLICATION**

1998, alleging ineffective assistance of counsel. This Court held an evidentiary hearing on October 5, 2000. After hearing testimony from John Vantuno, petitioner's trial counsel, the Court determined that Vantuno had not rendered ineffective assistance of counsel under the standard set forth in Strickland v. Washington, 466 F.3d 668 (1984). On August 24, 2001, this Court denied petitioner's motion for reconsideration, and the Third Circuit denied his appeal in October 1993.

Petitioner then filed complaints against Vantuno with the New Jersey Supreme Court District Ethics Committee, alleging that he had misled this Court with his testimony at the 2000 evidentiary hearing. In October 2005, the Ethics Committee found that Vantuno had not violated any rules of professional conduct. It stated that Vantuno's testimony had been candid, and that any inconsistencies identified by petitioner in the record were minor at best. In February 2006, the Supreme Court of New Jersey Disciplinary Review Board affirmed the decision of the Ethics Committee.

On March 15, 2007, petitioner filed a Rule 60(b) motion before the Court. Petitioner claimed that Vantuno misled the Court at the 2000 hearing by stating that (1) he did not have knowledge relating to the existence of a potential witness named Cawana Dawson and (2) he did not have access to an investigator during the period before the trial. According to petitioner, evidence uncovered during the Ethics Committee investigation supports his claim that Vantuno misled the Court on these two issues during his 2000 testimony. Petitioner claimed that two key pieces of evidence unearthed during the Committee's investigation supported his contention that Vantuno misled the Court. First, Vantuno's counsel during the investigation wrote the Committee that "the fact that the name 'Cawana' appear in [a witness's pretrial] statement does not prove" that Vantuno testified falsely. Second, an entry in Vantuno's August 1990 time log suggests that Vantuno was in contact with an investigator affiliated

**NOT FOR PUBLICATION**

with the Public Defender's Office. Based on these allegedly misleading statements petitioner requested one of three remedies: (1) a new evidentiary hearing, (2) habeas corpus relief, or (3) a new trial.

On August 13, 2007 this Court denied petitioner's Rule 60(b) motion on the grounds that it should be construed as an impermissible successive habeas petition.

Petitioner now asks this court to reconsider the August 13, 2007 decision. Petitioner argues that the Court erred in construing Petitioner's Rule 60(b) motion as a successive habeas petition since it did not constitute a collateral attack on his underlying conviction. Petitioner also restates the factual arguments underlying his Rule 60(b) motion. Since the Court finds that petitioner's motion for reconsideration is without merit, the Court will not address petitioner's factual arguments.

## DISCUSSION

As stated in this Court's August 13, 2007 decision, the Third Circuit has held that a Fed. R. Civ. P 60(b) motion for relief from the denial of a section 2255 petition is properly construed as a successive habeas petition. See United States v. Edwards, 309 F.3d 110, 113 (3d Cir. 2002). Petitioner argues that this rule should not have been applied to his Rule 60(b) motion since it did not collaterally attack the underlying conviction. Petitioner bases his argument on Fugah v. Mazurkiewicz, 2004 U.S. Dist. LEXIS 28700 (E.D. Pa., Dec. 20, 2004), a Magistrate Judge's decision where the Court ultimately denied the petitioner's Rule 60(b) motion which sought relief from the Court's earlier denial of petitioner's habeas petition for lack of timeliness. Petitioner focuses his argument on the Fugah Court's comment that "the factual predicate of [petitioner s] Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, and the Rule 60(b) motion should therefore not be treated as a successive habeas petition." Id. at *21. The Court in Fugah was taking account for the

-3-

**NOT FOR PUBLICATION**

fact that petitioner in that case was seeking Rule 60(b) relief on the argument that petitioner had been misinformed by the Court regarding the time limit for filing an amended habeas petition.

The <u>Fugah</u> decision does not support petitioner's motion for reconsideration. Unlike <u>Fugah</u>, petitioner's Rule 60(b) motion was not an attack on the *procedural* circumstances surrounding petitioner's habeas petition. Rather, petitioner's Rule 60(b) motion sought relief by attacking the *merits* of the Court's decision, namely the Court's reliance on Vantuno's statements at the 2000 hearing. As laid out in detail in this Court's August 13, 2007, this attack on the merits constitutes a collateral attack on the conviction underlying petitioner's habeas petition and is therefore impermissible.

**CONCLUSION**

It is on this _18_ day of March, 2009,

ORDERED that petitioner's motion for reconsideration of this Court's August 13, 2007 denial of petitioner's Rule 60(b) motion is hereby **DENIED**.

William H. Walls, U.S.D.J.

-4-
