**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| PATRICE PHILSON a/k/a JUSTICE RASIDEEN ALLAH, | : : : : | **OPINION and ORDER** |
| Petitioner, | : : | Civ. No. 98-2249 (WHW) |
| v. | : : | |
| MICHELE RICCI, PRISON ADMINISTRATOR-NEW JERSEY STATE PRISON, | : : : : | |
| Respondent. | : : : : : | |

**Walls, Senior District Judge**

In October 1990, a jury found petitioner guilty of first degree murder and weapons charges in New Jersey Superior Court. Petitioner's conviction was affirmed on appeal, and his petition for post-conviction relief in state court, asserting, among other things, ineffective assistance of counsel, was denied.

Petitioner filed a habeas petition under 28 U.S.C. § 2254 in the District Court of New Jersey on May 19, 1998, alleging ineffective assistance of counsel. (ECF No. 1.) This motion was denied. (ECF No. 11.) Allah then filed a motion for reconsideration, and on August 24, 2001, this Court denied petitioner's motion. (ECF No. 13.) In December 2003, the Third Circuit affirmed. (ECF No. 20.)

On March 15, 2007, petitioner filed a Rule 60(b) motion before this Court. (ECF No. 24.) On August 13, 2007, this Court denied Allah's motion as an impermissible successive

**NOT FOR PUBLICATION**

habeas petition.  (ECF No. 25.)  On August 6, 2008, Allah filed a motion for reconsideration

concerning the denial of his Rule 60(b) motion.   (ECF No. 30.)  This Court denied this motion

on March 20, 2009.   (ECF No. 31.)  Allah did not appeal.

Claiming that he never received notice of the Court's March 20, 2009, opinion, petitioner

filed a motion for leave to reopen the time to file an appeal.  (ECF No. 33.)  Because petitioner's

request for additional time was clearly outside the filing window it was denied.

Allah then filed a motion for relief from this Court's October 6, 2010, order and a motion

requesting leave to reopen the time to file an appeal pursuant to Fed. R. Civ. P. 60(a) on January

4, 2011.  (ECF Nos. 39, 40.)  Rule 60(a) allows Courts to correct orders and judgments that

contain clerical errors.  Allah claims that he made a clerical mistake in his initial filing because

he cited Fed. R. App. P. 6(b) instead of Rule 4(a)(6).

Even if Allah could rely on Rule 60(a), Allah's clerical error does not provide him with

grounds to file an out of time appeal.  Under Rule 4(a)(6), a district court may reopen the appeal

period for fourteen days if  several conditions are satisfied.  First, the Court must find that "the

moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of

the judgment or order sought to be appealed within 21 days after entry[.]"  Fed. R. App. P.

4(a)(6)(A).  Second, the motion must be filed "within 180 days after the judgment or order is

entered or within 14 days after the moving party receives notice under Federal Rule of Civil

Procedure 77(d) of the entry, whichever is earlier[.]" Fed. R. App. P. 4(a)(6)(B). Last, the Court

must find that no party would be prejudiced by extending the filing date.  Fed. R. App. P.

4(a)(6)(C).

In the present case, the Court entered its judgment on March 18, 2009.  (ECF No. 31.)

Petitioner did not file his motion for leave to file outside the filing window until August 5, 2010.

**NOT FOR PUBLICATION**

(ECF No. 33.)  His motion was clearly filed more than "180 days after the judgement or order

[was] entered."  Fed. R. App. P. 4(a)(6)(B).   Allah does not meet the conditions to reopen the

time to file an appeal.


It is, on this 11th day of April, 2011:

ORDERED that Defendant's Motion for Leave to Reopen the Time to File an Appeal and

Motion for Relief from Judgment are DENIED.




<u>**s/ William H. Walls**</u>

United States Senior District Judge